UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE DE JESUS ROBLES-ORNELAS,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

Case No. 2:26-cv-02878-TLF

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jose De Jesus Robles-Ornelas filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioner is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id.*

The petition asks the Court to (1) Issue a Writ of Habeas Corpus ordering respondents to immediately release petitioner from custody, and enjoin respondents from detaining him absent written notice and a hearing before a neutral decisionmaker prior to any such detention; (2) in the alternative, to order respondents to provide petitioner a hearing before a neutral decisionmaker within seven (7) days, at which respondents bear the burden of establishing by clear and convincing evidence that petitioner's continued detention is justified by danger to the community or risk of flight; (3) declare that petitioner's detention without a prior individualized determination before a neutral decisionmaker violates the Due Process Clause of the Fifth Amendment; (4)

award reasonable attorney fees and costs; (5) grant such other relief as may be just and reasonable. *Id.*

The Court **GRANTS** the petition in part and **DENIES** the petition in part as follows.

**BACKGROUND**

Petitioner Jose De Jesus Robles-Ornelas is a native and citizen of Mexico, who entered the United States without inspection or admission on or about April 16, 2026. Dkt. 1 at 5. He was not apprehended, detained, or paroled by any immigration officer at or near the time of his entry. *Id.* On July 26, 2026, petitioner was detained by ICE officers when he returned to his car after shopping for groceries. *Id.* at 6. Petitioner has no criminal history – he has never been arrested, charged, or convicted of any criminal offense. *Id.* Petitioner was served with a Notice to Appear and placed in removal proceedings. *Id.* He was scheduled for a master calendar hearing on August 26, 2026. *Id.*

Petitioner commenced the instant habeas action on August 12, 2026. Dkt. 1. Respondents have filed a response, and petitioner has filed a reply. Dkts. 5, 6.

**A. Statutory Basis for Detention**

The parties agree that petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), as he is a noncitizen without lawful status detained at the Northwest ICE Processing Center who (1) has entered the United States without inspection, (2) was not apprehended upon arrival, (3) and is not or will not be subject to detention under 8 U.S.C. §1226(c), § 1225(b)(1), or § 1231 at the time he is scheduled for or

requests a bond hearing. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. Sept. 30, 2025).[1] [2]

Under 8 US.C. § 1226(a) the government has the discretionary authority to determine whether a noncitizen should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the noncitizen falls within one of the categories of criminals described in § 1226(c), for whom detention is mandatory. 8 U.S.C. § 1226. When a noncitizen is arrested and taken into immigration custody under § 1226(a), ICE makes an initial custody determination. *See* 8 C.F.R. § 236.1(c)(8). And after the initial custody determination, the detainee may request a bond redetermination by an immigration judge ("IJ"). 8 C.F.R. § 236.1(d)(1).

---

[1] On September 30, 2025, the Court in *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. Sept. 30, 2025) granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* The district court's decision was subsequently affirmed in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) (("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A).").

[2] The respondents note that their "position on the law differs" from *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) but recognize it is the controlling law in this Circuit and do not oppose petitioner's assertion his detention is governed by § 1226(a). Dkt. 5.

The Board of Immigration Appeals ("BIA") has held that at the bond redetermination hearing, "the burden is on the [detainee] to show to the satisfaction of the immigration judge that he or she warrants release on bond" *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) "even though section [1226(a)] does not explicitly contain such a requirement." *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1112 (B.I.A. 1999). In making a bond decision under § 1226(a), an IJ must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In re Guerra*, 24 I. & N. Dec. 37, 40 (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). And if the IJ denies bond, the detainee may appeal to the BIA. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3)(i). A noncitizen who remains detained following an IJ's initial bond redetermination may request a subsequent bond redetermination if the noncitizen's "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e).

The parties agree that here petitioner is, at a minimum, entitled to a bond hearing under 8 U.S.C. § 1226(a). Dkts. 1, 5.

Regardless of the statutory basis of petitioner's detention, in some circumstances, the Due Process Clause may provide procedural protections not found in the statue. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B. v. Wamsley*, No. 25-cv-1192-KKE, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. Aug. 19, 2025)) ("the fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'").

**B. Due Process**

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " U.S. Const. amend. V. This right extends to "all persons within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

The balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) applies to initial immigration arrests and detentions, because the Fifth Amendment Due Process Clause protects the liberty interests of noncitizens. *Zadvydas*, 533 U.S. 693 ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent); *see Moncebais v. Bondi*, No. 5:26-CV-268, 2026 WL 1862153 (S.D. Tex. Mar. 27, 2026) (applying the *Mathews* balancing test to a petitioner detained pursuant to 8 U.S.C. § 1225(b)(2) who had lived continuously in the United States for 32 years and ordering his immediate release.). Accordingly, the Court will consider each *Mathews* factor in turn to determine whether petitioner's arrest and detention comport with constitutional due process requirements.

The Court adopts the reasoning of *E.A. T.-B.*, 795 F. Supp. 3d at 1320-24, in weighing the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural

requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

1. Private Interest

As to the first factor, a liberty interest protected by due process "may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty'"; on the other hand, a liberty interest may "arise from an expectation or interest created by state laws or policies. . . ." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005); *Ingraham v. Wright,* 430 U.S. 651, 672-673 (1977). The right to liberty under the Fifth Amendment has been held to be a human right, to include freedom from bodily restraint and punishment. *Rochin v. California,* 342 U.S. 165, 169-170 (1952); *see also, U.S. v. Salerno,* 481 U.S. 739, 748-750 (1987) (due process is satisfied if detention decision is based on a finding of future dangerousness when the hearing process includes: defendant is represented by counsel, the burden is on the government to show future dangerousness by clear and convincing evidence, and there is adversarial testing in a hearing conducted by a neutral judicial officer, with procedural protections that protect the liberty interest of a criminal defendant in the pretrial new arrest phase of the case). The Court does not find support for the government's inference that petitioner's weighty liberty interest is greatly diminished solely because he is a noncitizen in immigration proceedings.

Constitutionally protected interests in liberty are strengthened as noncitizens establish lives in the United States, even without permission from the government to reside here. *Moncebais v. Bondi*, 2026 WL 1862153, at *11 n.8 (citing *Zafra v. Noem*, No. EP-25-CV-541, 2025 WL 3239526, at *4 (W.D. Tex. Nov. 20, 2025) (collecting

cases); *Martin v. Memorial Hosp. at Gulfport*, 130 F.3d 1143, 1148 (5th Cir. 1997) (holding that the Due Process Clause "protects an individual's liberty interest which is viewed as including an individual's freedom to work and earn a living and to establish a home and position in one's community.").

Petitioner was arrested in public and has been detained for several months; this clearly deprives him of a constitutionally protected liberty interest. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]").

Petitioner has no criminal history that might, in some circumstances, decrease his liberty interest. *See, e.g., Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 547591 at *7-9 (W.D. Wash. Feb. 17, 2026). He has been present in the United States for a relatively short period of time (three months – prior to his detention), and he took no affirmative steps during that time to apply for protection from removal or to adjust his status.

The Court finds this first factor weighs in petitioner's favor, but not as strongly as in cases where a non-citizen presented evidence of extended presence in the country and significant ties to the community.

2. Risk of Erroneous Deprivation

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards. *Mathews*, 424 U.S. at 335.

Here, petitioner took no affirmative steps in the three months he was in the country to apply for protection from removal or to adjust his status. And he has not yet had a custody re-determination hearing before an IJ in accordance with the procedures set forth in 8 U.S.C. § 1226 and the implementing regulations.[3]

The Court finds, under the circumstances, the risk of erroneous deprivation absent any process is high but under the circumstances petitioner fails to show a pre-deprivation hearing would be necessary to satisfy due process.

Thus, the Court finds the second *Mathews* factor favors petitioner, but not as strongly as for non-citizens with an extended presence in the country and significant ties to the community.

3. The Government's Interest

The third and final *Mathews* factor considers the government's interest. *Mathews*, 424 U.S. at 335. The respondents have a strong interest in preventing noncitizens from "remain[ing] in the United States in violation of our law," *Demore v. Kim*, 538 U.S. 510, 518 (2003) (quotations omitted), as well as an interest in "ensuring the appearance of [noncitizens] at future immigration proceedings" and "preventing danger to the community," *Zadvydas*, 533 U.S. at 690. But respondents' interest in civil detention without any hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'").

[3] The Court notes that petitioner does not appear to argue that he did not receive an initial custody determination under 8 C.F.R. § 236.1(c)(8).

The Court finds this third factor weighs in favor of petitioner, but not as strongly as for non-citizens who presented evidence of extended presence in the country and significant ties to the community.

The Court accordingly finds petitioner has a protected liberty interest in freedom from detention and all the *Mathews* factors weigh his favor.

4. Remedy

The Court finds under the circumstances here a post-deprivation bond hearing is appropriate as required by due process and 8 U.S.C. § 1226(a). An individualized custody redetermination before an immigration judge will mitigate the risk of deprivation of petitioner's liberty. *Rodriguez Diaz v. Garland*, 53 F.4th 1189 at 1210 (9th Cir. 2022).

Petitioner argues that at any bond hearing the government should bear the burden of proving, by clear and convincing evidence, that petitioner is a flight risk or a danger to the community. Dkt. 1 at 13. As previously mentioned, although the BIA has held that the petitioner bears the burden at a § 1226(a) bond hearing, the statute itself "is silent as to which party bears the burden of proof or by what standard at a bond hearing." *Cruz-Acevedo v. Scott*, No. 2:26-CV-01654-LK, 2026 WL 1623154, at *6–7 (W.D. Wash. June 5, 2026). As the Court in *Cruz-Acevedo v. Scott*, recently explained:

> The Supreme Court also has not clarified the burden. *See* Sharon Shaji, Note, *The Due Process Owed to Noncitizens*, 44 Cardozo L.R. 1635, 1638 (2023) ("In the absence of guidance from the Supreme Court, federal circuit courts of appeals have produced a variety of approaches to burden of proof allocation in § 1226(a) bond hearings.").
>
> The federal appellate courts that have addressed this question are split. The First and Second Circuits have held that the burden of proof for continued immigration detention must be placed on the government—but those Circuits do not agree on the standard of proof. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27–41 (1st Cir. 2021) (applying the Supreme Court's *Mathews v. Eldridge* test before holding that with respect to a petitioner who had been in custody for ten months, the government bore the burden of proving danger by clear and convincing evidence or flight risk by a preponderance of the evidence); *Velasco Lopez v. Decker*, 978 F.3d 842, 855–57 (2d Cir. 2020) (applying the *Mathews*

> test before holding that, after a showing of prolonged detention, the government bore the burden of proving danger and flight risk by clear and convincing evidence).
>
> The Third and Fourth Circuits have assigned the detainee the burden of proof on the questions of flight risk and danger to the community. *See Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (holding that requiring a Section 1226(a) detainee to show that he or she is not a danger or the community or a flight risk by a preponderance of the evidence does not violate the Due Process Clause); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277, 279 (3d Cir. 2018) (no due process violation with respect to burden remaining with detainee to show that he is not a danger to the community or a flight risk).
>
> The Ninth Circuit has declined to require the government to meet a clear and convincing burden of proof to justify continued detention of a noncitizen in the specific context of a second bond hearing under Section 1226(a). *Compare Singh*, 638 F.3d at 1203 (holding that "[g]iven the substantial liberty interest at stake" for noncitizens subject to prolonged detention under Section 1226(a), "the government must prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond"); *Martinez*, 124 F.4th at 786 (in a case involving a petitioner detained under Section 1226(c), describing *Singh* as "offer[ing] the high-water mark of procedural protections required by due process"); *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201, 1203 (9th Cir. 2022) (noting that "after the Supreme Court's decisions in *Jennings* and *Arteaga-Martinez*, it remains undetermined whether the Due Process Clause requires additional bond procedures under *any* immigration detention statute," and concluding that the Due Process Clause did not entitle the petitioner "to a second bond hearing at which the government bears the burden of proof by clear and convincing evidence").

*Id.*

The Court finds that under the circumstances presented here, where petitioner has been detained for several months without a hearing before a neutral decisionmaker and has no criminal history, it is appropriate to require the government to bear the burden at the post-deprivation bond hearing under § 1226(a) to show by clear and convincing evidence that petitioner is a flight risk or a danger to the community, and a contemporaneous record must be made of the bond hearing. *See Singh v. Holder,* 638 F.3d 1196, 1203-1204 (9th Cir. 2011), *abrogated on other grounds in Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1211-1214 (9th Cir. 2022).

**CONCLUSION**

For the reasons stated above, the petition for writ of habeas corpus (Dkt. 1) is GRANTED in part and DENIED in part, and the Court ORDERS as follows:

(1) The Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.

(2) Respondents shall provide petitioner a bond hearing before an immigration judge within 10 days of this order at which the respondents bear the burden of proof to show by clear and convincing evidence that petitioner is a flight risk or a danger to the community, and a contemporaneous record must be made of the bond hearing. If petitioner requests a continuance for good cause, the deadline for a hearing may be extended.

(3) The parties are directed to file a joint status report on or before **October 8, 2026**, indicating whether there has been a hearing held before an IJ as ordered above, and whether petitioner has been released.

(4) Petitioner's requests for immediate release and injunction against re-detention absent written notice and a hearing are denied.

(5) The Court will entertain a motion for attorney fees and costs. Any motion for fees and costs shall be noted under Local Rule 7(d)(3).

Dated this 22nd day of September, 2026.

Theresa L. Fricke
Theresa L. Fricke
United States Magistrate Judge